UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TRAVIS M. NEWBOLD<br><br>　　　　Defendant. | Case No. 4:17-cr-328-BLW<br><br>MEMORANDUM DECISION AND ORDER |

### INTRODUCTION

The Court has before it a motion for compassionate release filed by the defendant. The motion is fully briefed and at issue. For the reasons set forth below, the Court will deny the motion.

### LITIGATION BACKGROUND

On October 19, 2018, a jury rendered a guilty verdict on all three counts in the Second Superseding Indictment charging defendant with conspiracy to import steroids along with an importation count and a possession count. He was sentenced to 48 months incarceration and his projected release date is April 19, 2021.

Defendant Newbold is 49 years old, and there is no indication that he suffers from poor health. When he committed the crimes he was charged with here, he was on parole for criminal charges in the State of Idaho. His long criminal history includes convictions for domestic violence, violating court orders, disturbing the peace, trespassing, and

delivery of controlled substances. He also has several probation violations and multiple arrests for domestic violence and stalking that did not result in convictions.

## LEGAL STANDARDS

Newbold brings this motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). A motion for compassionate release may be made by either the Director of the Bureau of Prisons or by a defendant who has fully exhausted administrative remedies within the Bureau of Prisons (BOP). In order to modify a sentence and grant compassionate release, a district court must engage in a three-step process. First, it must consider the 18 U.S.C. § 3553(a) factors. Second, the court must find that "extraordinary and compelling reasons warrant such a reduction." See 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has determined that "extraordinary and compelling reasons" to release a defendant from BOP custody include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. See USSG § 1B1.13. Third, the Court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." See 18 U.S.C. § 3582(c)(1)(A).

## ANALYSIS

Newbold does not allege that he is suffering from age-related deterioration or a condition that diminishes his ability to provide self-care while in prison. In addition, the Court cannot make the finding – required by the statute – that "the defendant is not a

**Memorandum Decision & Order – page 2**

danger to the safety of any other person or to the community." His conviction by a jury for conspiracy to import and distribute illegal drugs, and his long criminal history, preclude a finding that he would not pose a danger to another person or the community if released now. For these reasons, the Court will deny the motion.

## ORDER

For the reasons expressed in the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for compassionate release (docket no. 101) is DENIED.

DATED: July 21, 2020

_____
B. Lynn Winmill
U.S. District Court Judge